UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE ANTHONY JOHNSON,

            Plaintiff,                    Case No. 4:20-cv-12422
                                            District Judge Matthew F. Leitman
v.                                    Magistrate Judge Anthony P. Patti

HATATU ELUM,
MICHELLE PARSONS,
JEREMY HOWARD, and
T. KISOR,

            Defendants.
_____/

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S February 9, 2021 MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT PARSONS FOR FAILURE TO APPEAR OR RESPOND (ECF No. 15)

**I.    RECOMMENDATION:**  The Court should **DENY** Plaintiff's February 9, 2021 motion for entry of default judgment against Defendant Parsons for failure to appear or respond.  (ECF Nos. 15.)

**II.    REPORT:**

**A.    Background**

Dwayne Anthony Johnson is currently incarcerated at the Michigan Department of Corrections (MDOC) G. Robert Cotton Correctional Facility (JCF). *See* www.michigan.gov/corrections, "Offender Search," Case No. 93-3414-FH (Berrien County).  On August 18, 2020, while incarcerated at JCF, Johnson filed

the instant lawsuit against four Defendants:  (1) Hatatu Elum, who is identified as a JCF Librarian; (2) Michelle Parsons, who is identified as a JCF Assistant Residential Unit Supervisor (ARUS); (3) Jeremy Howard, who is identified as a JCF Assistant Deputy Warden (ADW); and, (4) T. (Tiffany) Kisor, who is identified as a JCF ADW.  (ECF No. 1, PageID.1-2; *see also* ECF No. 10.)

The facts underlying Plaintiff's lawsuit concern his alleged October 30, 2019 transfer from JCF to the MDOC's Chippewa Correctional Facility (URF), which is located in Michigan's Upper Peninsula.  (ECF No. 1, PageID.7-13 ¶¶ 1-29.) Plaintiff alleges retaliation (*id.*, PageID.13-14 ¶¶ 30-35) and attaches numerous exhibits to his complaint, including prison records and an affidavit (*id.*, PageID.15-42).  He seeks compensatory and punitive damages, as well as appointment of counsel.  (ECF No. 1, PageID.5-6.)

## B.    Service and appearance

Plaintiff paid the filing fee, and the Court entered an order directing service of the complaint.  (ECF No. 2.)  On December 2, 2020, the Clerk of the Court issued summonses.  (ECF No. 4.)  Defendants Elum and Howard appeared on January 19, 2021 (ECF Nos. 6, 7), and Defendant Kisor appeared on January 27, 2021 (ECF Nos. 10, 11).

It appears that Plaintiff's attempt at service upon Defendant Parsons reached JCF on December 14, 2020.  (*See* ECF No. 5, PageID.55; www.usps.gov (Tracking

2

Number 7000-0520-0014-3799-9583).)  Plaintiff filed proof of service with this

Court on January 5, 2021.  (*Id.*)  Defendant Michelle Parsons appeared on March

3, 2021.  (ECF Nos. 17, 18.)

### C.   Discussion

Judge Leitman has referred this case to me for pretrial matters.  (ECF No. 9.)

Currently before the Court is Plaintiff's February 9, 2021 motion – which was filed

before Defendant Parsons appeared – for entry of default judgment against her for

failure to appear or respond.  (ECF No. 15.)  Specifically, Plaintiff seeks entry of

an order granting default judgment against Defendant Parsons in the amount of

$50,000.  (ECF No. 15, PageID.188.)

The Court should **DENY** Plaintiff's motion (ECF No. 15).  Preliminarily,

Defendant Parsons did not "fail[] to plead *or otherwise defend*[.]"  Fed. R. Civ. P.

55(a) ("Entering a Default.") (emphasis added).  Plaintiff contends that Defendant

Parsons did not "serve an answer . . . within 21 days after being served with the

summons and complaint[.]"  Fed. R. Civ. P. 12(a)(1)(A)(i).  (ECF No. 15,

PageID.188 ¶ 4.)  However, as Defendant Parsons points out,

> Any defendant may waive the right to reply to any action brought by a
> prisoner confined in any jail, prison, or other correctional facility
> under section 1983 of this title or any other Federal law.
> Notwithstanding any other law or rule of procedure, such waiver shall
> not constitute an admission of the allegations contained in the
> complaint.  No relief shall be granted to the plaintiff unless a reply has
> been filed.

3

42 U.S.C. § 1997e(g)(1).  And, while Section 1997e(g) also provides that "[t]he court *may* require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits[,]" 42 U.S.C. § 1997e(g)(2) (emphasis added), Defendant Parsons correctly notes that "the Court has not ordered Parsons to reply, so under the plain language of the PLRA, the Court cannot grant default judgment against Parsons."  (ECF No. 20, PageID.210.)  "[U]nder the explicit language of § 1997e(g)(1), prisoner plaintiffs filing suits under § 1983 are not entitled to entry of default judgment against a defendant who has been properly served, but nevertheless has not filed any reply." *Smith v. Heyns*, No. 2:12-CV-11373, 2013 WL 1163172, at *16 (E.D. Mich. Jan. 10, 2013) (Komives, M.J.) (quotations and citations omitted), *report and recommendation adopted*, No. 12-11373, 2013 WL 1155568 (E.D. Mich. Mar. 20, 2013) (Edmunds, J.).  Furthermore, "where a defendant has failed to respond to a civil rights complaint brought by a prisoner, the Court's sole power is to order the defendant to file a reply."  *Smith*, 2013 WL 1163172, *16 (referencing 42 U.S.C. § 1997e(g)(2)).  Indeed, this District has described § 1997e(g) as "an exception to the standard rules of civil pleading outlined in the Federal Rules of Civil Procedure" and held that, while the statute could be "more exact," "the Court relies on previous Sixth Circuit decisions that construe the term 'reply' to encompass an

4

'Answer[.]'" *Aaron v. Dyer*, No. 15-cv-11014, 2016 WL 1698399, at *1 (E.D. Mich. Apr. 28, 2016) (Roberts, J.). *See also Nouri v. Oakland Cty. Jail*, No. 2:10-CV-13700, 2011 WL 2144639, at *3 (E.D. Mich. May 9, 2011) (Michelson, M.J.) ("As the Supreme Court has explained, pursuant to this provision 'unlike in the typical civil case, defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court, and waiving the right to reply does not constitute an admission of the allegations in the complaint.'") (quoting *Jones v. Bock*, 549 U.S. 199, 213–14 (2007), *report and recommendation adopted*, No. 10-13700, 2011 WL 2135372 (E.D. Mich. May 31, 2011) (Tarnow, J.); *Stevenson v. MDOC*, No. 107-CV-213, 2007 WL 1202310, at *1 (W.D. Mich. Apr. 23, 2007) (Brenneman, M.J.) ("Section 1997e(g) bars plaintiff from obtaining an entry of default or a default judgment against any of the defendants, because defendants have no obligation to reply to the complaint until ordered by the court.").

Moreover, to the extent Plaintiff seeks entry of default judgment pursuant to Fed. R. Civ. P. 55(b) ("Entering a Default Judgment."), Plaintiff has not first requested that the Clerk of the Court enter default as to Defendant Parsons. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). "[I]t was procedurally improper for Plaintiff to move for entry of default judgment without

5

first obtaining an entry of default from the clerk." *Devlin v. Kalm*, 493 F. App'x 678, 685 (6th Cir. 2012). *See also Reed-Bey v. Pramstaller*, 607 F. App'x 445, 449 (6th Cir. 2015) ("The district court properly denied Reed–Bey's motion for default *judgment* against defendants Nzums and Ingram pursuant to Federal Rule of Civil Procedure 55(b), because Reed–Bey failed first to obtain an *entry* of default pursuant to Federal Rule of Civil Procedure 55(a).").[1]

## III.   PROCEDURE ON OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

---

[1] Defendants' pending motions for summary judgment (ECF Nos. 8, 12, 19), regarding which responses and replies have been filed (ECF Nos. 14, 16, 22, 23, 24, 25), will be addressed under separate cover.

6

*Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: June 21, 2021

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE