UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE ANTHONY JOHNSON,

       Plaintiff,

v.

HATATU ELUM, *et al.*,

       Defendants.
_____/

Case No. 4:20-cv-12422
District Judge Matthew F. Leitman
Magistrate Judge Anthony P. Patti

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY (ECF No. 34)

Plaintiff Dwayne Anthony Johnson is currently incarcerated at the Michigan Department of Corrections (MDOC) G. Robert Cotton Correctional Facility (JCF). *See* www.michigan.gov/corrections, "Offender Search." On August 18, 2020, Plaintiff, proceeding without the assistance of counsel, filed the instant lawsuit. (ECF No. 1.) Three defendants remain: (1) Hatatu Elum; (2) Michelle Parsons; and (3) Jeremy Howard. (*See* ECF No. 29, PageID.290.)

Judge Leitman referred this case to me for pretrial matters. (ECF No. 9.) I entered an initial scheduling order on September 16, 2021, with a discovery deadline of March 16, 2022. (ECF No. 32.)[1] Currently before the Court is

---

[1] Defendants mistakenly assert that no scheduling order has been entered in the case. (ECF No. 35, PageID.337.)

Plaintiff's motion to compel discovery, in which he requests the production of emails or exchanges responsive to Request for Documents No. 2 in his September 7, 2021 discovery request to Defendant Elum (ECF No. 34, PageID.313-314), Request for Documents No. 3 to Defendant Parsons (ECF No. 34, PageID.317), and Request for Documents No. 1 to Defendant Howard (ECF No. 34, PageID.319). The discovery requests at issue are identical, and ask that Defendants "[p]roduce for inspection a copy of all emails or exchanges sent between Librarian Elum, ARUS Parsons, Deputy Howard, Warden Nagy, the Transfer Coordinator and any other staff member from the dates of October 4, 2019 thru November 29, 2019." (ECF No. 34, PageID.313-314, 317, 319.)

Each Defendant objected to the request on the basis of undue burden, stating:

> The request is unduly burdensome and not proportional to the needs of the case as the requisite search has been conducted and revealed over 767 hits with 2,905 potentially responsive items. As a result, it would take *weeks* of time to review the items, emails and attachments, to further identify if the documents are responsive to the above request and to remove any privileged or confidential material. As such, the defense will not effectuate any further efforts at this time as the cost to the state would well exceed any potential damages recovery by the plaintiff. Furthermore, the defense reserves the right to charge $.25 per page for production and as Plaintiff is indigent, the likelihood of Plaintiff being willing to pay the cost of production is unlikely.

2

(ECF No. 34, PageID.322, 325, 328.) They make the same argument in their November 29, 2021 response in opposition to Plaintiff's motion. (ECF No. 35, PageID.340-341.)[2]

A showing of burden alone is insufficient to protect a party from a discovery request. *Union Comm. Servs. Ltd. v. FCA Int'l Operations LLC*, No. 16-cv-10925, 2018 WL 558760, at *4 (E.D. Mich. Jan. 25, 2018). "'To determine whether a burden is undue, a court must balance the potential value of the information to the party seeking it against the cost, effort, and expense to be incurred by the party producing it.'" *Id*. (quoting *State Farm Mut. Auto Ins. Co. v. Physiomatrix, Inc.*, No. 12-cv-11500, 2013 WL 10936871, at *3 (E.D. Mich. Nov. 26, 2013)). The factors to be considered are listed in Fed. R. Civ. P. 26(b)(1) and include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Considering these factors, the Court **SUSTAINS IN PART** Defendants' objection to the discovery request at issue, finding that the request, as written, is

---

[2] Although Defendants address a second document request for a transfer order in their response brief (ECF No. 35, PageID.337, 339-340), it does not appear that Plaintiff challenges their objection to this request in his motion (*see generally* ECF No. 34, PageID.306-307).

3

overbroad and unduly burdensome because it would potentially result in almost 3,000 responsive items. (ECF No. 34, PageID.322, 325, 328.) For the sake of efficiency, rather than require Plaintiff to serve a narrower request upon Defendants, the Court will itself limit the scope of the request, and **ORDERS** that Defendants produce to Plaintiff for inspection, by **Wednesday, December 29, 2021**, "a copy of all emails or exchanges sent between Librarian Elum, ARUS Parsons, Deputy Howard, Warden Nagy, and/or the Transfer Coordinator from the dates of October 4, 2019 thru November 29, 2019, *which mention Plaintiff by name or his prisoner number*," subject only to objections based on privilege or other judicially recognized security concerns.[3]

**IT IS SO ORDERED.**

Dated: December 8, 2021

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[3] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).