UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE ANTHONY
JOHNSON,

      Plaintiff,

Case No. 4:20-cv-12422
District Judge Matthew F. Leitman
Magistrate Judge Anthony P. Patti

v.

HATATU ELUM, *et al.*,

      Defendants.

_____/

## ORDER FOLLOWING STATUS CONFERENCE

This matter came before the Court for a status conference via Zoom on January 5, 2022, at which Plaintiff and Defendants' counsel appeared, to discuss the status of the case and address discovery and other issues raised in Plaintiff's December 2 and 16, 2021 letters[1] to the Court. (ECF Nos. 37 and 41.) The Court entertained a discussion of Plaintiff's outstanding discovery requests, including for the order(s) relating to his October 30, 2019 transfer between prisons, and for identifying information and transfer orders for the other two prisoners who accompanied him in the van that day. Defendants made an oral objection on the sole basis of relevancy, which the Court overruled. As stated on the record, the

---

[1] The Court advised Plaintiff that it grants relief through motions, not letters, and that he must file motions with the Court moving forward for matters on which he seeks a ruling. *See* Fed. R. Civ. P. 7(b)(1); E.D. Mich. Local Rule 7.1(d).

Court **HEREBY ORDERS** that Defendants produce to Plaintiff a copy of his October 30, 2019 transfer order, identify the aforementioned prisoners/transferees (name, prisoner number and current location, or as otherwise requested in the discovery request at issue) and produce their transfer orders to the extent they are in possession of such information and documents, by **Wednesday, January 19, 2022.**[2]  Plaintiff shall not be charged a copy fee for these documents.

Plaintiff does not have a pending motion for appointment of counsel, although he requests it in his December 2, 2021 letter.  (ECF No. 41, PageID.377.)  The Court explained why this request must be made by motion, is not likely to be granted at this juncture, and that, when appropriate, the Court may do no more than request an attorney to represent Plaintiff *pro bono publico*.  *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases.").  The appointment of counsel in a civil case, therefore, "is a privilege not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation omitted).  As the Court explained, in prisoner civil rights cases, the recruitment of an attorney to represent an indigent plaintiff is "justified

---

[2] Plaintiff stated on the record that the first individual was likely transferred from G. Robert Cotton Correctional Facility (JCF), and the second individual possibly from Carson City Correctional Facility (DRF).

only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004) (citations omitted).

Dated: January 6, 2022

                                            Anthony P. Patti
                                            UNITED STATES MAGISTRATE JUDGE