UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE ANTHONY JOHNSON,

        Plaintiff,

v.

HATATU ELUM, *et al.*,

        Defendants.
_____/

Case No. 4:20-cv-12422
District Judge Matthew F. Leitman
Magistrate Judge Anthony P. Patti

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY (ECF No. 43), SETTING DISPOSITIVE MOTION RESPONSE DATE, and REQUIRING FULL TRANSCRIPT TO BE FILED

This matter is before the Court for consideration of *pro se* Plaintiff Dwayne Anthony Johnson's motion to compel discovery. (ECF No. 43.) For the reasons that follow, Plaintiff's motion (ECF No. 43) is **DENIED**.

**A.**    **Background**

Plaintiff, a state prisoner proceeding *in forma pauperis*, filed this lawsuit on August 18, 2020, under 42 U.S.C. § 1983, alleging retaliatory transfer. (ECF No. 1.) Three Defendants remain: (1) Hatatu Elum; (2) Michelle Parsons; and (3) Jeremy Howard. (*See* ECF No. 29, PageID.290.)

Judge Leitman referred this case to me for pretrial matters. (ECF No. 9.) I entered a scheduling order on September 16, 2021, with a discovery deadline of March 16, 2022, and a dispositive motion deadline of April 18, 2022. (ECF No.

32.) On April 15, 2022, Defendants filed a motion for summary judgment (ECF No. 45), which the Court will decide under separate cover.[1]

**B.    Instant Motion**

On March 7, 2022, but not docketed until March 14, 2022, Plaintiff filed the instant motion to compel discovery pursuant to Fed. R. Civ. P. 34(b) and 37(a). (ECF No. 43.)  He asserts that at his deposition, he asked defense counsel if he would be provided a copy of his deposition transcript, and defense counsel said yes, but in a March 1, 2022 letter in response to his February 24, 2022 letter requesting the copy he was promised, defense counsel objected on the ground that there must have been a misunderstanding, and that prisoners must pay for a copy of their deposition transcript.  (ECF No. 43, PageID.383-384; Exhibits 1 & 2, ECF No. 43, PageID.386-387.)  Further, Plaintiff contends that the deposition transcript is relevant under Fed. R. Civ. P. 26(b)(1), and that "[b]ecause the deposition testimony will likely be the focus point of the defendants counsel forthcoming motion, and will likely refer to testimony taken at the deposition hearing, due process requires that plaintiff be afforded with the opportunity to also review said

---

[1] On July 21, 2021, I issued a Report and Recommendation that the Court grant Defendants' initial summary judgment motions (ECF Nos. 8, 12, 19) for failure to exhaust or state a claim upon which relief may be granted (ECF No. 27, PageID.237, 266-267).  The Court adopted the opinion in part on September 3, 2021, dismissing Plaintiff's claims against Defendant Kizor, Defendant Elum arising out of Plaintiff's transfer, and Defendants in their official capacities, but denied Defendants' motions in all other respects.  (ECF No. 29, PageID.289-290.)

2

transcript." (ECF No. 43, PageID.389-390.) Thus, he requests that the Court grant his motion "and issue an Order directing the Defendants to provide him with a copy of the documents sought in his discovery request for inspection." (ECF No. 43, PageID.390.)

Defendants filed their response in opposition on March 22, 2022, acknowledging Plaintiff's February letter, but arguing that the Court should deny Plaintiff's motion to compel because: (1) the motion is premature, as Plaintiff never made a formal discovery request in accordance with Fed. R. Civ. P. 34; and (2) even if Plaintiff had, he would not be entitled to a free copy of the deposition transcript. (ECF No. 44, PageID.394-398.) In so doing, Defendants state:

> The most [Plaintiff] could have asked for was to review the transcript and make changes within thirty days. Fed. R. Civ. P. 30(e). But only if [Plaintiff] pays "reasonable charges" would the court reporter have been obligated to produce a copy of the transcript. *See* Fed. R. Civ. P. 30(f)(3).

(ECF No. 44, PageID.398.)

**C.  Discussion**

Under Fed. R. Civ. P. 37(a)(3), a motion to compel may only be made if the non-moving party failed to answer or respond to a proper discovery request under the Federal Rules. *Davis-Hussung v. Lewis*, No. 14-14964, 2015 WL 5546995, at *1 (E.D. Mich. Aug. 31, 2015) ("A motion to compel is not timely until a discovery request has been tendered *in accordance with [the federal rules]* and that

3

request either (1) has not been responded to despite the passing of the deadline for response; or (2) responded to in a way that leads the requesting party to believe the response is insufficient.") (emphasis added) (Stafford, M.J.). *See also Nurse Notes, Inc. v. All State Ins. Co.*, No. 10-14481, 2011 WL 3862402, at *2-3 (E.D. Mich. Aug. 31, 2011) (denying as premature defendant's motion to compel filed before the 30-day time period to respond to the discovery request at issue).

Under Fed. R. Civ. P. 34(a), a party may serve on another party a request within the scope of Fed. R. Civ. P. 26(b) to produce and permit inspection of documents in that party's custody or control. Fed. R. Civ. P. 34(a)(1). The request "must describe with reasonable particularity each item or category of items to be inspected," and "must specify a reasonable time, place, and manner for the inspection and for performing the related acts[.]" Fed. R. Civ. P. 34(b)(1)(A) & (B). Plaintiff's February 24, 2022 letter stated, in its entirety:

> I am writing to you in regards to the deposition I underwent on January 27, 2022. During that deposition, I asked if you were going to provide me with a copy of the deposition so that I may be able to prepare for any dispositive motions filed by yourself with reference to such deposition, and you said "Yes," that I would receive a copy of such.
>
> Therefore, I would very much appreciate if it [sic] you could see to it that I am immediately provided with a copy of the deposition testimony. I thank you in advance for your attention and cooperation.

(Exhibit 2, ECF No. 43, PageID.387.) The Court greatly appreciates the politeness of Plaintiff's request, often absent in communications between opposing attorneys.

Although Plaintiff's February 2022 letter does not appear to comply with Fed. R. Civ. P. 34(b)(1)(B), as it did not specify a reasonable time, place, and manner for inspection and production, the Court declines to deny the motion to compel on the basis that the motion is premature. Plaintiff made a request to Defendants to produce the deposition transcript that they refused, and it is clear that Defendants would still have refused had the request been compliant with Fed. R. Civ. P. 34. It is pointless to argue about prematurity in light of this admitted reality.

However, the Court agrees with Defendants that they are not required to produce to Plaintiff a free copy of his deposition transcript. "'[A]n indigent plaintiff bears his own litigation expenses.'" *Green v. Miller*, No. 2:13-cv-14247, 2015 WL 1014914, at *2 (E.D. Mich. Mar. 9, 2015) (quoting *Dujardine v. Mich. Dept. of Corr.*, No. 1:07-cv-701, 2009 WL 3401172, at *1 (W.D. Mich. Oct. 19, 2009)). And:

> nothing in the Constitution, the Federal Rules of Civil Procedure, or the Local Rules of the Eastern District of Michigan entitle plaintiff to a free copy of his deposition transcript. The most plaintiff could have asked for was to review the transcript and make changes within thirty days. Fed. R. Civ. P. 30(e). But only if plaintiff pays "reasonable charges" would the court reporter have been obligated to produce a copy of the transcript. *See* Fed. R. Civ. P. 30(f)(3).

*Brown v. Rivard*, No. 16-12362, 2018 WL 4907706, at *7 (E.D. Mich. Oct. 10, 2018) (Levy, J., adopting report and recommendation of Patti, M.J.). Accordingly,

5

Plaintiff's motion to compel discovery (ECF No. 43) is **DENIED** on that basis. Like Defendants would have had to do, Plaintiff may request a copy of his deposition transcript from the court reporter at a reasonable cost.

The Court acknowledges Plaintiff's assertion that without his deposition transcript, he will be unable to properly respond to Defendants' pending motion for summary judgment. (ECF No. 43, PageID.384, 389-390.) Pursuant to Fed. R. Civ. P. 56(d), "the district court may defer summary judgment, pending discovery, if the non-movant submits affidavits stating that 'the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition.'" *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196 (6th Cir. 1995) (quoting Fed. R. Civ. P. 56(d)). *See also Elite Contractors, Inc. v. Citi Mortgage*, No. 12-cv-10284, 2012 WL 12884454, at *3 (E.D. Mich. May 7, 2012) ("A party that wishes to engage in fact discovery may defeat summary judgment if the party shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.") (internal quotations omitted). Here, as stated above and instructed by Defendants in their March 2022 letter (Exhibit 1, ECF No. 43, PageID.386), Plaintiff may obtain a copy of his deposition transcript from the court reporter. Moreover, Rule 56(d) relief is permissive, not mandatory, and in any case, Plaintiff has not met his burden under that provision. However, in order *for the Court to be fully informed* in considering Defendants' summary judgment

motion, and taking the economic realities of Plaintiff's incarceration and the uneven playing field that it creates into consideration, Defendants are **HEREBY ORDERED** to file (and serve) Plaintiff's full deposition transcript as a supplemental exhibit to their motion on or before **April 29, 2022**, rather than the "excerpts" they have provided thus far. (*See* ECF No. 45-5, PageID.444.) Then the Court will have the benefit of the full context of the testimony being scrutinized.

To give Plaintiff adequate time to obtain or review his deposition transcript, the Court **ORDERS** that he file a response to Defendants' motion for summary judgment (ECF No. 45) **by Friday, June 24, 2022**.[2]

**IT IS SO ORDERED.**

Dated: April 22, 2022

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).