UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE ANTHONY JOHNSON,

    Plaintiff,

v.

Case No. 20-cv-12422
Hon. Matthew F. Leitman

HATATU ELUM, *et al.*,

    Defendant.
_____/

**ORDER (1) OVERRULING IN PART AND TERMINATING AS MOOT IN PART PLAINTIFF'S OBJECTIONS (ECF No. 71) TO REPORT AND RECOMMENDATION; (2) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF No. 68); AND (3) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 45)**

**I**

Plaintiff Dwayne Anthony Johnson is an inmate in the custody of the Michigan Department of Corrections. Now pending before the Court are Johnson's claims that three MDOC employees – Defendants Hatatu Elum, Michelle Parsons, and Jeremy Howard – retaliated against him (Johnson) in violation of the First Amendment. Johnson seeks damages from the Defendants under 42 U.S.C. § 1983.

1

Johnson's allegations are laid out in greater detail in a previous order that the Court entered on September 3, 2021. (*See* Order, ECF No. 29.[1]) As relevant here, Johnson alleges that Elum, a JCF librarian, threatened to transfer him to another facility because he offered legal assistance to another incarcerated litigant, and he claims that Parsons and Howard ultimately did transfer him to Chippewa Correctional Facility ("URF") because he filed various grievances against Elum and other MDOC employees. (*See id.*, PageID.10-11.)

On April 15, 2022, the Defendants filed a Motion for Summary Judgment. (*See* Mot., ECF No. 45.) In that motion, they argue, among other things, that they are entitled to summary judgment on the basis of qualified immunity. (*See id.*, PageID.429.)

On February 10, 2023, the assigned Magistrate Judge entered a Report and Recommendation in which he, among other things, (1) agreed with the Defendants' contention that they are entitled to qualified immunity and (2) recommended that the Court grant summary judgment in their favor. (the "R&R"). (*See* R&R, ECF No. 68.)

---

[1] Johnson's Complaint included claims beyond those described in text above. The Court dismissed all of the claims other than those discussed above in its order dated September 3, 2021. (*See* Order, ECF No. 29.)

Johnson filed five Objections to the R&R on March 21, 2023. (*See* Obj., ECF No. 71.) Only one of the Objections relates to the Magistrate Judge's analysis of the dispositive issue of qualified immunity. For the reasons explained below, that Objection is **OVERRULED**. Johnson's other Objections are **TERMINATED AS MOOT**. The recommended disposition of the R&R (ECF No. 68) is **ADOPTED**, and Defendants' Motion for Summary Judgment (ECF No. 45) is **GRANTED**.

II

A

When a party objects to portions of a Magistrate Judge's report and recommendation, the Court reviews those portions *de novo. See* Fed.R.Civ.P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which the parties did not object. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

B

Under Federal Rule of Civil Procedure 56, a movant is entitled to summary judgment when it "shows that there is no genuine dispute as to any material fact." *SEC v. Sierra Brokerage Servs., Inc.*, 712 F.3d 312, 326-27 (6th Cir. 2013) (quoting Fed. R. Civ. P. 56). When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id.* But "the mere existence of a scintilla of evidence in

support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Id.* at 251–52.

### III

In order to prevail on his claim for retaliation in violation of the First Amendment, Johnson must establish that "(1) [he] engaged in protected conduct; (2) an adverse action was taken against [him] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by [his] protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Johnson insists that his evidence satisfies all three elements. He says that he has shown that he engaged in protected activity by offering legal assistance to another inmate and by filing grievances; that the Defendants took adverse actions against him by threatening to transfer him to another facility (Elum) and by actually transferring him (Parsons and Howard); and that the Defendants took these actions against him because he engaged in the aforementioned protected activities.

The assigned Magistrate Judge concluded, among other things, that even if Johnson could establish all three elements of his claim, the Defendants would nonetheless be entitled to summary judgment on the basis of qualified immunity because it was not clearly established that their conduct constituted "adverse action." (*See* R&R, ECF No. 68, PageID.694-696.)

While Johnson filed five Objections to the R & R, only one of them relates to the Magistrate Judge's qualified immunity recommendation.  In relevant part, the Objection states:

> The evidence in this case establish that Plaintiff was acting under protected conduct at the time when (1) he provided legal assistance to Prisoner Chambers, (2) when he had a conversation with the Warden about Elum's refusal to copy Chambers legal papers, and (3) when Plaintiff filed the grievance against Elum.  The record also establishes that Plaintiff's protected conduct rights were established at the time when Defendants retaliated against him.  Because the facts show that a violation of Plaintiff's constitutional right occurred and that such right was established at the time of Defendants misconduct, the Magistrate's conclusion that Defendants Elum, Parsons and Howard were entitled to immunity is erroneous.

(Obj., ECF No. 71, PageID.717.)

The problem with this Objection is that it does not address the basis for the Magistrate Judge's qualified immunity recommendation.  As noted above, the Magistrate Judge concluded that the Defendants were entitled to qualified immunity because it was not clearly established that their conduct amounted to "adverse action." Johnson's Objection says nothing about – and does not call into question –

5

the Magistrate Judge's reasoning and analysis of the clearly-established issue. Because Johnson's Objection does not address the basis on which the Magistrate Judge recommended that the Court rule against him, Johnson's Objection is tantamount to no objection at all. For that reason, the Court concludes that Johnson is not entitled to any relief based upon his Objection to the Magistrate Judge's qualified immunity recommendation.

### IV

For the reasons explained above, Johnson's Objection to the Magistrate Judge's qualified immunity recommendation is **OVERRULED.** Johnson's remaining Objections are **TERMINATED AS MOOT** because – since the Court has overruled his Objection to the Magistrate Judge's dispositive qualified immunity recommendation – no ruling by the Court on those Objections would affect the disposition of the motion before the Court. Finally, the recommended disposition of the R&R is **ADOPTED** and Defendants' Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

                                          s/Matthew F. Leitman
                                          MATTHEW F. LEITMAN
                                          UNITED STATES DISTRICT JUDGE

Dated: April 4, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 4, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126
